IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

REGENIA WALKER                                                                                PLAINTIFF

v.                                              CIVIL NO. 21-3012

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                        DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Reginia Walker, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g)*.*

Plaintiff protectively filed her current application for DIB on May 31, 2018, alleging an inability to work since March 1, 2017, due to inverse psoriasis, hypothyroidism, a back condition, a broken ankle, obesity, migraines, anxiety, and high blood pressure. (Tr. 217, 316). An administrative video hearing was held on January 14, 2020, at which Plaintiff appeared with counsel and testified. (Tr. 161-215).

By written decision dated May 14, 2020, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 28).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

Specifically, the ALJ found Plaintiff had the following severe impairments: fibromyalgia; osteoarthritis/degenerative disc disease of the lumbar spine; psoriasis; hyperthyroidism; obesity; obstructive sleep apnea; mild bilateral carpal tunnel syndrome; migraine headaches; chronic pain syndrome; hypertension; gastroesophageal reflux disease; and a history of open reduction and internal fixation of a left ankle fracture. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 29). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) except she can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds; she can occasionally balance, stoop, kneel, crouch, and crawl; she can frequently, but not constantly, reach, handle and finger bilaterally; she can occasionally push/pull and operate foot controls with her left lower extremity; and she must avoid concentrated exposure to temperature extremes, humidity, fumes/odors/dusts/gases/poor ventilation and hazards.

(Tr. 29). With the help of a vocational expert, the ALJ determined Plaintiff could perform her past relevant work as a pharmacy technician and a security guard. (Tr. 41-42).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who, after reviewing additional evidence submitted by Plaintiff, denied that request on January 5, 2021. (Tr. 1-5). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 4). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 15, 16).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

Plaintiff raises the following issues on appeal: 1) The ALJ erred in finding Plaintiff was able to perform light work; and 2) The ALJ improperly disregarded the opinion of Plaintiff's treating physician. (ECF No. 15). Defendant argues the ALJ properly considered all of the evidence including treatment records and medical opinion evidence, and the decision was supported by substantial evidence. (ECF No. 16). The Court has reviewed the entire transcript and the parties' briefs.

In determining that Plaintiff maintained the RFC to perform light work with limitations, the ALJ considered the medical assessments of the non-examining agency medical consultants and treating physicians; Plaintiff's subjective complaints; and her medical records. The ALJ specifically discussed the opinions of the non-examining medical consultants (Drs. Sheri Simon, Charles Friedman, Brad Williams and Jerry Thomas), and Plaintiff's treating physicians (Drs. Stacy Armstrong, Charles McNeal and Justin Cutler). With each provider, the ALJ stated how persuasive he found each medical opinion and articulated the basis for his finding. While Plaintiff disagrees with the ALJ's RFC determination, after reviewing the record as a whole, the Court finds Plaintiff failed to meet her burden of showing a more restrictive RFC. *See Perks v. Astrue*, 687 F.

3d 1086, 1092 (8th Cir. 2012) (burden of persuasion to demonstrate RFC and prove disability remains on claimant). As discussed by the ALJ, the record revealed Plaintiff was able to help take care of her family and pets, to take care of her personal needs, to prepare simple meals, to do light household chores slowly, to shop in stores and online, and to handle finances. Plaintiff also consistently reported that she was able to perform activities of daily living during and after the relevant time period. (Tr. 87, 1429, 1459). The Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

For the reasons stated in the ALJ's well-reasoned opinion, the Court finds Plaintiff's argument on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), *aff'd*, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 5th day of May 2022.

/s/ *Christy Comstock*
HON. CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE